THE PEOPLE *on rel.* PECK *a.* THE BOARD OF POLICE.

*Supreme Court, First District ; General Term, January,* 1862.

MANDAMUS.—FINDING OF JURY.

It is competent for the jury on the trial of issues in mandamus cases to find a general verdict, and the court will give effect to it, if necessary, by applying it to the issues separately.

Where there is no conflicting evidence upon an issue before a jury, or the weight of evidence in favor of one party is so decided that the court would set aside an adverse verdict as against evidence, it is the duty of the judge to direct the jury what verdict to render.

A verdict found under the instruction of the court will be deemed rightly rendered in the absence of evidence to the contrary.

Motion for a peremptory mandamus.

The relator in this case, Henry Peck, had been a member of the Municipal police force of the city of New York, and obtained an alternative writ of mandamus against the Board of Police of the Metropolitan Police District of the State of New York, in May, 1859. The present case is in all respects similar to that of The People *on rel.* Hanrahan *a.* The Board of Police (*Ante,* 151), and the proceedings in both cases were identical. The points relied on in the present case were the same with those in Hanrahan's case.

*Gilbert Dean* and *James T. Brady,* for the relator.

*Brown, Hall & Vanderpoel,* and *David Dudley Field,* for the defendants.

BY THE COURT.*—MULLIN, J.—In the case of Hanrahan we held that it was competent for the jury, on the trial of issues in mandamus cases, to find a general verdict, and the court will give effect to it, if necessary, by applying it to the issues separately.

If we are right in thus holding, the verdict in these cases is a valid one. And as no question arises on the effect of the evidence on the proceedings on the trial, there is enough in the papers before us to enable the court to dispose of the question arising on this appeal.

The fact that the court directed the jury to render the verdict, we must presume, in the absence of evidence to the contrary, to have been rightly done. Where there is no conflicting evidence upon an issue before a jury, or the weight of evidence is so decidedly in favor of one side that the court would set aside the verdict as against the evidence if rendered, it is the duty of the judge to direct the jury what verdict to render; and there is no statute or practice, nor any thing in the nature of the proceeding by mandamus, which takes away from the court the right in such cases to direct a verdict.

But as a majority of the court has held that a finding in favor of the defendants of the several issues sent to the jury in these cases for trial, does not bar the relator from having a peremptory writ, we must give effect to that decision in this case by reversing the order of the special term, and ordering the issuing of a peremptory writ. Motion granted.